IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE NUNN, SR., #158639, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:05-CV-1059-T |
| | ) | [WO] |
| | ) | |
| JAMES BAILEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Tyrone Nunn, Sr. ["Nunn"], a state inmate, complains that the Circuit Court of Randolph County, Alabama will not order the return of property taken during the execution of a search warrant in May of 2002 and withheld by the State pursuant to orders of the circuit court. He further argues that the actions about which he complains are the result of a conspiracy. Nunn names Tom Young, the state circuit judge presiding over the civil forfeiture proceedings, and James Bailey, an investigator for the Randolph County Sheriff's Department, as defendants in this cause of action. He seeks an order for "the return of all . . . property or monetary damages equivalent to the property," or issuance of "an injunction order" that the state court "conduct a hearing within 60 days . . ." *Plaintiff's Complaint* at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## I. DISCUSSION

### A. Judge Tom Young

Nunn argues that Judge Young has violated his constitutional rights during state civil proceedings by failing to issue an order granting his motion for return of property. The claims against Judge Young entitle Nunn to no relief in this cause of action.

1. The Request for Monetary Damages. It is clear that all of the allegations made by the plaintiff against Judge Young emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he has jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Young are "based on an indisputably meritless legal theory" and are therefore due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

*v. Williams*, 490 U.S. 319, 327 (1989).[2]

    2. <u>The Request for Declaratory and Injunctive Relief</u>.  Nunn seeks declaratory and injunctive relief requiring that Judge Young undertake a particular course of action in the pending civil proceeding relative to the seizure of Nunn's property.  This court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983 as federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).  Dismissal of these claims is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, *supra*.

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

**B. James Bailey**

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). The law of this Circuit directs "'that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)." *Swint*, 51 F.3d at 999. It is clear that Nunn's property is being held by the State in accordance with rulings issued by the Circuit Court Randolph County. Consequently, the requisite causal connection between actions of James Bailey and the State's failure to return property to Nunn does not exist in this case.

**C. The Conspiracy Claim**

Nunn makes the specious allegation that the actions about which he complains are the result of a conspiracy among the defendants. A conspiracy claim justifiably may be dismissed because of the conclusory, vague, and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the plaintiff's complaint. At best, the assertions made by Nunn are self

serving, purely conclusory allegations that fail to assert those material facts necessary to establish a conspiracy between the defendants. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing contacts between private persons and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Other than his suppositious allegations, Nunn presents nothing, nor can this court countenance any evidence, to indicate that the defendants entered into a conspiracy to deprive him of his constitutional rights. In light of the foregoing, the court concludes that Nunn's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557. This claim is therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before November 21, 2005 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of November, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE